WACHTEL-PICKERT COMPANY *vs.* MATTHEW S. LEONARD.

Suffolk.   March 19, 1914. — May 18, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Evidence*, Competency, Admissions and confessions.

In an action by a corporation, having its place of business in Boston, against a former salesman to recover certain amounts of money paid to him as "travelling expenses," where the plaintiff contends that certain advances made to the defendant for travelling expenses were to be accounted for by him, while the defendant contends that he was entitled to retain these amounts as additional compensation for travelling besides his commissions, the plaintiff may show that the defendant received money for travelling expenses which he did not use in travelling, and for that purpose the plaintiff's treasurer may be allowed to testify that he paid the defendant money for travelling expenses for a certain trip, that afterwards he saw the defendant at Boston when he should have been on the trip, and that later he had a conversation with the defendant, in which the defendant at first said that he was in Bridgeport on the day in question, and, when the witness told him that he had seen him in Boston, admitted that he was not in Bridgeport on that day but was in Boston attending to some business of his own.

Where an admission made by a party to an action is put in evidence, the conversation in which the admission occurred also is admissible to show the circumstances under which the admission was made as bearing upon the weight to be attached to it.

CROSBY, J. This is an action of contract to recover certain amounts paid to the defendant by the plaintiff as "travelling expenses" while the defendant was in the plaintiff's employ as a salesman. It is agreed that the defendant was to receive certain commissions for his services and that the plaintiff was to advance to the defendant on account thereof the sum of $25 each week; but it was in controversy between the parties at the trial as to whether certain advances for travelling expenses were received by the defendant as additional compensation, or were to be accounted for by him and returned to the plaintiff. The following special issue of fact was submitted to the jury: "Was the agreement between the parties that the defendant should receive as compensation for his services the amounts advanced to him for travelling expenses in addition to commissions?" To

this question the jury answered "No," and returned a verdict for the plaintiff.*

The plaintiff's place of business is in Boston. The plaintiff's president and treasurer, one Wachtel, was called as a witness for the plaintiff and was permitted to testify (1) as to a conversation had with the defendant a few days before Friday, February 7, 1913, and also that he gave the defendant money on three certain occasions for the payment of his (the defendant's) travelling expenses; and (2) that afterwards the defendant, instead of taking his accustomed trips, remained in Boston and was seen there on the street on February 7, 1913, by the witness Wachtel, it being a day when he (the defendant) should have been away upon a trip. The witness was also permitted to testify (3) as to a conversation which he had with the defendant on February 8, 1913, wherein the defendant stated in substance that he had taken the trip and was in Bridgeport on that Friday morning and was in Springfield in the afternoon of that day. The witness further testified that he told the defendant he had seen him (the defendant) on the street in Boston on that morning, and that the defendant then admitted that he was not in Bridgeport that morning, but was in Boston attending to some business of his own. The plaintiff contends that the defendant did not properly save an exception to the admission of this evidence, and that it was competent. Assuming that the defendant duly excepted to the admission of this evidence, we are of opinion that it was all competent and that the exception should be overruled.

Evidence that the defendant took money to pay his expenses on certain trips when he did not go upon such trips was competent as tending to show that the plaintiff's contention as to the agreement between the parties relating to advances for travelling expenses was correct. If the defendant received money from his employer to pay his expenses on a certain trip and he did not take the trip, such conduct would be evidence in the nature of an admission on his part that the advances so received were to be accounted for by him as contended by the plaintiff. It follows

---

\* The case was removed from the Municipal Court of the City of Boston and was tried in the Superior Court before *Hitchcock*, J. The defendant alleged exceptions.

(1) that the evidence as to the conversation testified to by Wachtel as having occurred before February 7, was competent; (2) that the testimony of the witness that he saw the defendant in Boston on that date was admissible for the same purpose; and (3) that the conversation between the witness and the defendant on Saturday, February 8, was evidence of an admission on the part of the defendant that he did not take the trip and that he was in Boston on the morning of that day.

As the evidence was clearly admissible as an admission by the defendant that he was in Boston that morning, the conversation showing the circumstances under which the admission was made was competent, as bearing upon the credibility to be given by the jury to such admission. If the defendant denied at the outset that he was in Boston on Friday morning, and afterwards admitted that he was there, the jury might have found that an admission made under such circumstances was entitled to greater weight than if made without such previous denial. The question whether the defendant received money for travelling expenses which he did not use for that purpose was a material question of fact, and as bearing upon that question, the fact of the presence of the defendant in Boston was material.

Accordingly all the evidence which the defendant contends was incompetent was clearly admissible. If the defendant felt that this evidence might be used by the jury improperly, he should have asked the judge to instruct them as to its legitimate scope and legal effect.

*Exceptions overruled.*

*F. T. Leahy,* for the defendant.
*P. Rubenstein,* for the plaintiff.